J-E02006-21

2022 PA Super 2

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD AARON RENNINGER | : | |
| | : | |
| | : | No. 1294 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 10, 2019
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000222-2018

BEFORE:  PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., OLSON, J., DUBOW, J., KUNSELMAN, J., MURRAY, J., and McCAFFERY, J.

OPINION BY OLSON, J.:                    **FILED:  January 3, 2022**

Appellant, Chad Aaron Renninger, appeals from the July 10, 2019 judgment of sentence that imposed an aggregate sentence of 24 to 120 months' incarceration after a jury convicted Appellant of two counts of indecent assault of a child less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7).  Appellant claims the trial court erred in denying his motions to quash the information, to transfer the case to the juvenile division, to sever cases, to compel discovery, and to dismiss pursuant to the infancy defense. He also argues the trial court abused its discretion in imposing its sentence and that it imposed an illegal sentence.  We affirm Appellant's convictions but vacate his judgment of sentence and remand for re-sentencing.

On October 31, 2017, Appellant was charged with rape, aggravated indecent assault of a child, sexual assault, statutory sexual assault, aggravated indecent assault, and indecent assault - child less than 13 years

of age as to K.R.G.[1] a minor, and with indecent assault - child less than 13 years of age as to C.A.B., a minor.[2] *See* Criminal Complaint, 10/31/17, at 2-6. The criminal complaint alleged the offenses occurred "on or about" January 1, 1997, through June 30, 2001, and listed Appellant's birthday as February 1984, which meant Appellant was between 13 years old and 17 years old at the time of the offenses. *Id.* at 1. The affidavit of probable cause – which was attached to the criminal complaint filed against Appellant - stated:

> [K.R.G.] disclosed acts of sexual assault that occurred against her by [Appellant] over a four-year span[, beginning] when [K.R.G.] was 8 years of age and conclud[ing] when [K.R.G.] was 12 years old. These acts included [Appellant] sticking his hands inside [K.R.G.'s] panties and touching her vaginal area, [Appellant] sticking his hands up [K.R.G.'s] shirt and touching her chest, and [Appellant] placing [K.R.G.'s] hands down his pants to have her touch his penis. When [K.R.G.] was 12 years old and [Appellant] was 17 years of age, [K.R.G.] was held against a wall of a second-story bathroom while [Appellant] forcefully inserted his penis into her vagina.
>
> [C.A.B.] disclosed acts of indecent assault against her by [Appellant. C.A.B. stated these events occurred when she was climbing] into a pool at [Appellant's] residence. [C.A.B.] related she slipped from the ladder[,] and [Appellant] caught her by her hips. [C.A.B.] related [Appellant] then placed his hands on her vagina, over her bathing suit. [C.A.B.] was 7 years of age when this incident occurred while [Appellant] was 16 years old.

---

[1] The criminal complaint identified one of the minor victims as both "K.A.G." and, at times, as "K.R.G." *See* Criminal Complaint, 10/31/17. A review of the record demonstrates that the correct initials for the minor victim are "K.R.G."

[2] 18 Pa.C.S.A. §§ 3121(a)(6), 3125(b), 3124.1, 3122.1(a), 3125(a)(7), and 3126(a)(7), respectively.

- 2 -

*Id.* at Affidavit of Probable Cause.

On May 17, 2018, the Commonwealth filed an amended information charging Appellant with the following offenses against K.R.G.: rape – child less than 13 years of age (one count), sexual assault (one count), statutory sexual assault (one count), aggravated indecent assault – child less than 13 years of age (two counts), and indecent assault – child less than 13 years of age (five counts).[3] *See* Amended Information, 5/17/18, at 1-2. The amended information also charged Appellant with one count of indecent assault – child less than 13 years of age involving C.A.B.[4] *Id.* at 2. The amended information stated that the incidents occurred "on or about" January 1, 1997. *Id.* at 1-2. The amended information, however, listed K.R.G.'s age as 12 years old for certain crimes and, for others, stated that the incidents happened "on numerous occasions" when K.R.G. was "under the age of 13[ years old.]" *Id.*

Appellant subsequently filed a motion for a bill of particulars, which the trial court granted on June 15, 2018. *See* Appellant's Motion for Bill of Particulars, 6/8/18; *see also* Trial Court Order, 6/15/18. On June 25, 2018, the Commonwealth filed a bill of particulars alleging that the charges of rape, sexual assault, statutory sexual assault, and aggravated indecent assault (2 counts), as well as one indecent assault charge, "occurred in May or June of

_____

[3] 18 Pa.C.S.A. §§ 3121(a)(6), 3124.1, 3122.1, 3125(a)(7), and 3126(a)(7), respectively.

[4] 18 Pa.C.S.A. § 3126(a)(7).

2001," in the second-floor bathroom of a specific address in Knox, Pennsylvania. *See* Commonwealth's Bill of Particulars, 6/25/18, at ¶¶1-5, ¶10. The bill of particulars further asserted that, at the time of the forementioned incidents, K.R.G. was 12 years old and Appellant was 17 years old. *Id.* The bill of particulars alleged that the remaining four indecent assault charges involving K.R.G. occurred between June 22, 1997, and June 22, 2002, when K.R.G. was between 8 years old and 12 years old. *Id.* at ¶¶6-9. These four indecent assault incidents occurred in an upstairs bedroom or upstairs bathroom of the same residence in Knox, Pennsylvania. *Id.*

The bill of particulars alleged that the conduct underlying the indecent assault charge against C.A.B. occurred at the Knox, Pennsylvania residence "during the warm weather months of 2000[,] when [C.A.B.] was 7 years old and [Appellant] was 16 years old." *Id.* at ¶11.

On August 2, 2018, Appellant filed an *omnibus* pre-trial motion and notice of infancy defense that included, *inter alia*, a motion to quash the information and dismiss the prosecution because the date of the incidents alleged in the information (on or about January 1, 1997) did not comport with the dates alleged in the bill of particulars. *See* Appellant's *Omnibus* Pre-Trial Motion, 8/2/18, at ¶¶11-18. Appellant further argued that the dates in the information and the bill of particulars were impermissibly vague and indefinite; some of the counts charged were barred by the statute of limitations; the delay in prosecution was unreasonable, unduly prejudicial, and violative of Appellant's constitutional right to due process; the incidents asserted in the

information did not occur on the dates alleged; and the delay in prosecution deprived Appellant of the right to be treated as a juvenile. *Id.* at ¶¶19-46. The *omnibus* pre-trial motion also included a motion to transfer the case to the juvenile division of the court of common pleas, a motion to sever the cases, and a notice of infancy defense.[5] On August 7, 2018, the trial court denied a motion to compel discovery on the ground it was premature and scheduled a hearing on the motion to quash the information and dismiss the prosecution, the motion to transfer the case to the juvenile division, the motion to sever cases, the notice of infancy defense, and the motion to appoint an expert witness. The trial court deferred a decision on the petition for *writ* of *habeas corpus* until after deciding the motion to quash the information and dismiss the prosecution.[6] *See* Trial Court Order, 8/7/18, at ¶¶1-4.

After entertaining argument on Appellant's *omnibus* pre-trial motion, the trial court, on October 29, 2018, denied the motion to quash and dismiss the prosecution; denied the motion to transfer the case to the juvenile division; ordered that an additional hearing be scheduled on the motion to

---

[5] The *omnibus* pre-trial motion further included a petition for *writ* of *habeas corpus*, a motion for the appointment of an expert witness, and a motion to compel discovery. Appellant's *Omnibus* Pre-Trial Motion, 8/2/18, at ¶¶56-83.

[6] In its August 7, 2018 order, the trial court ordered Appellant to file a brief in support of his motion to quash the information and dismiss the prosecution, the motion to transfer the case to the juvenile division, the motion to sever the cases, and the notice of infancy defense, which Appellant complied with on August 27, 2018. The Commonwealth filed a response brief on September 7, 2018.

sever the cases; and held that "[i]f [Appellant] was under [the] age of 14 [years old] at the time of the alleged offenses, he may be able to raise the common law defense of infancy[, h]owever, the [i]information should not be quashed for that reason." *See* Trial Court Opinion and Order, 10/29/18. On January 9, 2019, the trial court denied Appellant's motion to sever the cases, which he originally included within his *omnibus* pre-trial motion. *See* Trial Court Opinion and Order, 1/9/19.

On May 24, 2019, Appellant filed a consolidated pre-trial motion that included, *inter alia*, a motion to compel discovery of K.R.G.'s military discharge records. Appellant's Consolidated Pre-trial Motion, 5/24/19, at 26-46. The trial court ordered the Commonwealth to ask K.R.G. to produce information regarding her military discharge and, upon receipt, to provide such information to Appellant's counsel. Trial Court Order, 5/28/19, at ¶2. The Commonwealth contacted K.R.G., who indicated she would not provide a copy of the forms related to her discharge, as her discharge was not connected to the allegations made against Appellant. *See* Commonwealth Letter, 5/28/19. The trial court subsequently denied the motion to compel. Trial Court Order, 5/29/19.

On May 29, 2019, a jury convicted Appellant of two counts of indecent assault – child less than 13 years of age for his conduct relating to K.R.G. *See* Verdict Slip, 5/30/19; *see also* N.T., 5/29/19, at 144-145. As for the remaining charges involving Appellant's conduct toward K.R.G., the jury found Appellant not guilty of rape – child less than 13 years of age (1 count),

aggravated indecent assault – child less than 13 years of age (2 counts), sexual assault (1 count), statutory sexual assault (1 count), and indecent assault – child less than 13 years of age (4 counts). **See** Verdict Slip, 5/30/19; **see also** N.T., 5/29/19, at 144-145. The jury also found Appellant not guilty of indecent assault – child less than 13 years of age (1 count) as to C.A.B. **See** Verdict Slip, 5/30/19; **see also** N.T., 5/29/19, at 144-145.

On July 10, 2019, the trial court sentenced Appellant to two consecutive terms of 12 to 60 months' imprisonment for the indecent assault – child less than 13 years of age convictions. **See** Sentence Order, 7/23/19; **see also** N.T., 7/10/19, at 11-12 This appeal follows.[7]

Appellant raises the following issues for our review:

1. Whether the trial court committed reversible error by denying [Appellant's] motion to quash the information?

2. Whether the trial court committed reversible error by denying [Appellant's] motion to transfer [his] case to [the] juvenile division?

3. Whether the trial court committed reversible error by denying [Appellant's] motion to sever [the] cases?

4. Whether the trial court committed reversible error by denying [Appellant's] motion to compel discovery?

5. Whether the trial court committed reversible error by denying [Appellant's] motion to dismiss pursuant to the infancy defense?

_____

[7] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

6. Whether the [trial] court improperly aggravated [Appellant's] sentence without giving aggravating factors?

7. Whether the sentence is illegal as consecutive?

Appellant's Brief at 5-6 (extraneous capitalization omitted).

In his first issue, Appellant argues that the trial court erred in denying his motion to quash the information and dismiss the prosecution with prejudice based on various arguments related to alleged imprecision in the dates of the offenses. *Id.* at 24-48.

"The decision to grant[, or deny,] a motion to quash a criminal information or indictment is within the sound discretion of the trial [court] and will be reversed on appeal only where there has been a clear abuse of discretion." *Commonwealth v. Wyland*, 987 A.2d 802, 804 (Pa. Super. 2010) (citation and original quotation marks omitted), *appeal denied*, 8 A.3d 346 (Pa. 2010).

Appellant first argues that the Commonwealth failed to articulate the dates of the offenses with sufficient specificity and that the dates in the bill of particulars were impermissibly vague and indefinite. Appellant's Brief at 29-36. Appellant relies on *Commonwealth v. Devlin*, 333 A.2d 888 (Pa. 1975), and asserts that, as in *Devlin*, "[t]he Commonwealth's failure to fix the dates of the alleged commission of the offenses, with any reasonable certainty, deprive[d] [Appellant] of the ability to establish an *alibi* defense, and otherwise deprive[d Appellant] of any reasonable ability to defend himself from the charges." Appellant's Brief at 29.

Appellant further argues that the dates in the information do not conform with the dates alleged in the bill of particulars. *Id.* He claims the Commonwealth is required to prove the allegations contained in the information at trial and, as part of that burden, must prove the commission date of the alleged offenses. *Id.* at 30. According to Appellant, the dates of commission alleged in the bill of particulars differed so substantially from those found in the information that the only course of action was to quash the information and dismiss the charges with prejudice. *Id.*

Appellant further claims the dates in the information and bill of particulars are impermissibly vague and indefinite. *Id.* at 31-36. He argues that he is entitled to fair notice by the information as to what he must defend against, and the Commonwealth must prove the information beyond a reasonable doubt. *Id.* at 32. He claims, "[t]he [i]nformation in this case fails to do so[,] and the dates of the alleged offenses are best described as moving targets." *Id.* He asserts that he was "deprived of any reasonable ability to identify an *alibi* defense or to otherwise mount a reasonable defense to the charges" and that "the prejudice caused by the vagueness in the [b]ill of [p]articulars is further compounded by the fact that the allegations are between 15 and 20 years old, and both the alleged victims and [Appellant] were young children at the time." *Id.* at 32, 35.

In denying the motion to quash, the trial court relied on cases from this Court in which we stated that a variance from the date specified in the information "is not fatal unless it could mislead the defendant at trial, impairs

a substantial right[,] or involves an element of surprise that would prejudice the defendant's efforts to prepare his defense." Trial Court Opinion, 10/29/18, at 3, *citing* **Commonwealth v. Einhorn**, 911 A.2d 960, 977-978 (Pa. Super. 2006), *appeal denied*, 920 A.2d 831 (Pa. 2007) and **Commonwealth v. Morrison**, 118 A.2d 258, 260 (Pa. Super. 1955). The trial court noted that the Commonwealth acknowledged "that the date stated in the [i]nformation [was] not accurate" and that it "provided more specific dates and time frames of the alleged offenses in [the b]ill of particulars" and "provided an additional explanation of the times of the alleged offenses in [its] brief [in response to Appellant's *omnibus* pre-trial motion]." Trial Court Opinion, 10/29/18, at 3. The trial court found that the Commonwealth did not intend to prove at trial that the crimes occurred on the dates specified in the information, nor was the Commonwealth required to do so. **Id.** The trial court, in addressing Appellant's claim that the dates in both the information and bill of particulars were vague and indefinite, held that "[n]either the adequacy nor competency of the Commonwealth's evidence can be tested by a motion to quash." **Id.** at 4, *citing* **Commonwealth v. Kane**, 188 A.3d 1217, 1227 (Pa. Super. 2018), *appeal denied*, 197 A.3d 1180 (Pa. 2018).

In **Devlin**, **supra,** our Supreme Court held that due process requires the Commonwealth to fix the date of the commission of the offense with reasonable certainty. **Devlin**, 333 A.2d at 890. There, the Commonwealth charged the defendant with one count of sodomy of an intellectually disabled individual, where the assault could have occurred at any time during a

fourteen-month period. *Id.* at 889. The **Devlin** Court concluded that this broad period in which the assault could have occurred violated the defendant's due process rights because it substantially denied him an opportunity to present a defense, including, *inter alia*, an *alibi* defense, and to attack the victim's credibility. *Id.* at 891. Our Supreme Court, however, noted that:

> [t]he pattern of due process is picked out in the facts and circumstances of each case. Due process is not reducible to a mathematical formula. Therefore, we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly[,] the Commonwealth need not always prove a single specific date of the crime. Any leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused.

*Id.* at 892 (citations, quotation marks, and footnote omitted). Following **Devlin**, this Court held that "the Commonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child." *Commonwealth v. Luktisch*, 680 A.2d 877, 880 (Pa. Super. 1996), *quoting Commonwealth v. Groff*, 548 A.2d 1237, 1241 (Pa. Super. 1988). Further, the Commonwealth "must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct." *Commonwealth v. Benner*, 147 A.3d 915, 921 (Pa. Super. 2016). "[T]he due process concerns of **Devlin** are satisfied where the victim [] can at least fix the times when an ongoing course of [abuse] commenced and when it ceased." *Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 990 (Pa. Super.

2007), *appeal denied*, 944 A.2d 756 (Pa. 2008); ***see also Benner***, 147 A.3d at 921.

Although the Commonwealth must "fix the date when an alleged offense occurred with reasonable certainty[,]" the Commonwealth "does not always need to prove a single specific date of an alleged crime." ***Einhorn***, 911 A.2d at 977-978 (citations omitted). Rather, "[p]ermissible leeway varies with the nature of the crime and the age and condition of the victim balanced against the rights of the accused." ***Id.*** at 978. "[I]ndictments must be read in a common sense manner and are not to be construed in an overly technical sense." ***Id.*** "The purpose of the indictment is to provide the accused with sufficient notice to prepare a defense." ***Id.*** "A variance is not fatal unless it could mislead the defendant at trial, impairs a substantial right[,] or involves an element of surprise that would prejudice the defendant's efforts to prepare his defense." ***Id.***

Here, we discern no abuse of discretion in the denial of Appellant's motion to quash on grounds that the dates alleged in the information do not comport with the dates found in the bill of particulars or that the dates alleged were vague and indefinite. Although the information listed a broad date range in which the alleged incidents occurred, from 1997 through 2001, the criminal complaint provided the ages of the victims and Appellant at the time of the crimes, and the bill of particulars narrowed the date range even further. At trial, the dates were not vague, and it was not error to allow the Commonwealth to attempt to prove the crimes at trial.

- 12 -

Appellant next argues that the statute of limitations barred the prosecution of at least two offenses, sexual assault and statutory sexual assault, involving K.R.G. Appellant's Brief at 37-43. Appellant concedes that he was acquitted of these two offenses, but argues that the "charges in and of themselves were prejudicial to [Appellant] and may have caused the jury to convict on lesser charges." *Id.* at 43.

Appellant contends that, in 1997, the applicable limitations period, as set forth in then-42 Pa.C.S.A. § 5552, required a criminal prosecution for, *inter alia*, statutory sexual assault and sexual assault, to be commenced within five years of the offense.[8] *Id.* at 42. He further claims that the applicable statute of limitations was amended in 2002,[9] to require prosecution to commence within 12 years of the offense and amended again in 2006,[10] to

_____

[8] Then-Section 5552 of the Pennsylvania Judicial Code stated that a prosecution for statutory sexual assault (18 Pa.C.S.A. § 3122.1) or sexual assault (18 Pa.C.S.A. § 3124.1) must be commenced within five years after the offense is committed. 18 Pa.C.S.A. § 5552(b)(1) (effective May 28, 1996, to December 19, 2000).

[9] 42 Pa.C.S.A. § 5552(c)(3) provided an exception to the limitations period for prosecution of, *inter alia*, statutory sexual assault (18 Pa.C.S.A. § 3122.1) or sexual assault (18 Pa.C.S.A. § 3124.1) when the offense was committed against a minor who was less than 18 years of age that permitted prosecution for these offenses "any time up to the period of limitation provided by law after the minor has reached 18 years of age." 42 Pa.C.S.A. § 5552(c)(3) (effective August 27, 2002, to November 29, 2004).

[10] 42 Pa.C.S.A. § 5552(c)(3) provided an exception to the limitations period for prosecution of, *inter alia*, statutory sexual assault (18 Pa.C.S.A. § 3122.1) or sexual assault (18 Pa.C.S.A. § 3124.1) when the offense was committed against a minor who was less than 18 years of age that permitted prosecution

permit prosecution for certain crimes against a minor to commence up to the later of the period set by the statute of limitations after the minor has reached 18 years of age or the date the minor reaches 50 years of age. *Id.* at 40-41. He claims that his statutory sexual assault and sexual assault charges carried a five-year limitations period for prosecution under the statute in effect in 1997, and asserts that because prosecution for these two crimes was not commenced by January 1, 2002, the claims are barred.

The trial court, in denying Appellant's motion to quash, concluded that the statute of limitations did not bar prosecution. Trial Court Opinion, 10/29/18, at 5. The trial court noted that although the information listed all the offenses as occurring "on or about[ January 1, 1997,]" the criminal complaint and the bill of particulars identified the crimes of, *inter alia*, statutory sexual assault and sexual assault as occurring sometime during the period of May 2001, through June 2001. *Id.* The trial court reasoned that "the Commonwealth may be able to prove a date of commission of the underlying offense that is different than the 1997 date stated in the [i]nformation" and, therefore, "[t]he statute of limitations may not have expired as of the filing of October 30, 2017[,] when the Commonwealth filed the [criminal c]omplaint." *Id.*

_____

for these offenses "any time up to the later of the period of limitation provided by law after the minor has reached 18 years of age or the date the minor reaches 50 years of age." 42 Pa.C.S.A. § 5552(c)(3) (effective January 29, 2007, to December 15, 2008).

Even assuming the acquittals did not render this issue moot, it still does not merit relief. Appellant makes no argument that the statute of limitations expired by the time of trial if the crimes occurred in May 2001, or June 2001, which is the date range listed in the criminal complaint and the bill of particulars and the date range the Commonwealth proved at trial. If the offenses occurred in May 2001, or June 2001, the then-effective statute of limitations did not expire until five years after the date of the offense. *See* 18 Pa.C.S.A. § 5552(b)(1) (effective December 20, 2000, to January 21, 2002) (requiring the prosecution of statutory sexual assault and sexual assault to commence within five years of the date the offense was committed). As such, the 2002 and 2006 amendments to Section 5552, as cited by Appellant and discussed *supra*, extended the limitations period beyond the original five-year period because the original limitations period had not yet expired at the time the amendment became effective. **See Commonwealth v. Spanier**, 192 A.3d 141, 148 (Pa. Super. 2018) (stating that, when the existing statute of limitations had not yet expired at the time of its amendment, the amended statute of limitations applied to the prosecution), *appeal denied*, 203 A.3d 1999 (Pa. 2019). Therefore, the trial court did not abuse its discretion or err in denying Appellant's motion to quash on this ground.

Appellant next argues that the delay in the prosecution of the case deprived him of his right to due process. Appellant's Brief at 43-45, 48. Appellant maintains that the information was filed more than 21 years after

the offenses were allegedly committed, that is, January 1, 1997, and the "inordinate delay work[ed] an unreasonable prejudice to [Appellant] and unreasonably undermine[d] [Appellant's] ability to mount a reasonable defense to the charges." *Id.* at 44. He argues that "[i]n spite of controlling precedent, the applicable statute of limitations is unconstitutional, as [Appellant] was unjustly deprived of [Appellant's] right of due process afforded to him and protected by the Fourteenth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution[.]" *Id.* He further argues the delay in prosecution resulted in a denial of his constitutional rights because, if the charges had been brought at the time of the alleged offenses, Appellant was between the ages of 13 years old and 17 years old and would have been treated as a juvenile offender. *Id.* at 48.

In denying Appellant's motion to quash on these grounds, the trial court concluded that "[t]here is no legal precedent which supports [Appellant's] position[.]" Trial Court Opinion, 10/29/18, at 6; *see also id.* at 7 (stating, "[t]here is no case law which indicates that [Appellant's] constitutional rights have been violated"). Upon review, we discern no error of law or abuse of discretion in the trial court's order denying Appellant's motion to quash on these grounds. Appellant provides no case law to support his claim of a due process violation.[11] *See* Appellant's Brief at 43-45, 48.

---

[11] We recognize that this Court in **Commonwealth v. Armolt**, 248 A.3d 504 (Pa. Super. 2021) denied Armolt's claim that the trial court erred in permitting

- 16 -

Appellant also argues that the Commonwealth charged him with violating statutes, and provisions of statutes, that were not in effect on the date of the offenses alleged in the information, which, in turn, violated the *Ex Post Facto* Clause of the United States Constitution.[12] ***Id.*** at 45-47.  Appellant

_____

the Commonwealth to charge him as an adult for sexual offenses he committed when he was a juvenile and that our Supreme Court recently granted Armolt's petition for allowance of appeal of that decision.  ***Armolt***, 2021 WL 240523 (Pa. Super. Filed January 25, 2021) (unpublished memorandum), *appeal granted*, 2021 WL 5353274 (Pa. Filed November 17, 2021) (slip copy).  Briefly, in November 2019, when Armolt was forty-five years old, he was prosecuted for sexual offenses that the victim initially reported in 1996 when Armolt was a juvenile.  ***Armolt***, 2021 WL 240523, at *1, *3.  This Court held that Armolt was not entitled to the statutory protections afforded by the Juvenile Act because he did not qualify as a "child" under the Pennsylvania Juvenile Act, 42 Pa.C.S.A. §§ 6301-6375, and that his due process rights were not violated because Armolt did not present evidence of an improper motivation for the delay in prosecution on the part of the Commonwealth.  ***Id.*** at *4.

Here, the case *sub judice* is factually distinct from ***Armolt***, ***supra***, because the victims reported the offenses in February 2017 (K.R.G.) and April 2017 (C.A.B.) and Appellant was charged on October 31, 2017.  ***See*** Criminal Complaint, 10/31/17.  As such, there was no delay in the prosecution on the part of the Commonwealth that supports a violation of due process.

[12] The *Ex Post Facto* Clause of the United States Constitution prohibits states from, *inter alia*, "pass[ing] any Bill of Attainder, *ex post facto* law, or law impairing the Obligations of Contracts[.]"  U.S. Const. Art. I, Sect. 10.  Our Supreme Court in ***Commonwealth v. Rose***, 127 A.3d 794 (Pa. 2015) explained that the "phrase '*ex post facto* law' was a term of art with an established meaning at the time of the framing" of the United States Constitution and the *ex post facto* prohibition forbid states from, *inter alia*, enacting "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed."  ***Rose***, 127 A.3d at 798 (citations and original quotation marks omitted).

argues he was charged with six counts of indecent assault – child less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7), which included terms that did not exist at the time the offenses occurred, as alleged in the information. *Id.* at 47.

In 1997, and in 2001, the then-effective Section 3126 of the Pennsylvania Crimes Code defined the offense of "indecent assault" as occurring, *inter alia*, when "[a] person [] has indecent contact with the complainant or causes the complainant to have indecent contact with the person [and] the complainant is less than 13 years of age[.]" 18 Pa.C.S.A. § 3126(a)(7) (effective May 30, 1995, to January 22, 2006). Effective January 23, 2006, Section 3126, as amended, defined "indecent assault" as occurring, *inter alia*, when "the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person[,] or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and [] the complainant is less than 13 years of age[.]" 18 Pa.C.S.A. § 3126(a)(7) (effective January 23, 2006 to present).[13]

The trial court concluded that there was no *ex post facto* violation, explaining that the information "averred facts which constitute indecent

---

[13] "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

contact, none of which involve causing the alleged victim to come into contact with seminal fluid, urine[,] or feces for the purpose of arousing sexual desire in [Appellant.]" Trial Court Opinion, 10/29/18, at 7.[14]

Upon review, we concur with the trial court that the information avers Appellant had indecent contact with the victim in ways that did not intentionally cause the complainant to come into contact with seminal fluid, urine, or feces for the purpose of arousing sexual desire in Appellant or the victim. In particular, the information alleged that "[Appellant] did unzip his pants and had [K.R.G.] touch his penis[, Appellant] did touch [K.R.G.'s] vagina[, Appellant] did place his hand up [K.R.G.'s] shirt and touched her breasts[, Appellant] did place his hands down [K.R.G.'s] pants and touched

---

[14] Before the trial court, Appellant also claimed that the crimes of rape and aggravated assault of a child under the age of 13 did not exist at the time the alleged offenses occurred. He does not present an argument on this claim in his brief, and, therefore, waived the claim. **See Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super 2007) (stating, "[t]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119" (original brackets, original quotation marks, and citation omitted)), *appeal denied*, 982 A.2d 509 (Pa. 2007).

Further, we agree with the trial court that no *ex post facto* violation exists. The trial court noted that the crime of rape of a victim less than 13 years old did exist in 1997, and in 2001, but was defined under a different section. **Compare** 18 Pa.C.S.A. § 3126(a)(6) (effective February 17, 1998, to February 6, 2003) **with** 18 Pa.C.S.A. § 3121(c) (effective February 14, 2003 to current). The trial court further noted that Appellant referenced the incorrect aggravated assault subsection – 18 Pa.C.S.A § 3125**(b)**. Appellant was charged with violating 18 Pa.C.S.A. § 3125**(a)(7)**, which did exist in 1997, and in 2001. **See** 18 Pa.C.S.A. § 3125(a)(7) (effective May 30, 1995, to February 6, 2003).

her vagina[, Appellant] did engage in sexual intercourse with [K.R.G., and Appellant] did have indecent contact with [C.A.B.] by touching her vaginal area over her swimming suit." Amended Information, 5/17/18, at Counts 6-11. The allegations contained in the information conformed with the requirements of then-effective Section 3126 sufficient to charge Appellant with indecent assault of a person less than 13 years of age. As such, we discern no abuse of discretion or error of law in the trial court's order denying Appellant's motion to quash on this ground.

In summation, for the reasons set forth *supra*, we discern no error of law or abuse of discretion in the trial court's order denying Appellant's motion to quash the information and dismiss the charges with prejudice. As such, Appellant's first issue is without merit.

In his second issue, Appellant claims the trial court erred in denying his motion to transfer the case to the juvenile division of the court of common pleas pursuant to the Pennsylvania Juvenile Act, 42 Pa.C.S.A. §§ 6301-6375. Appellant's Brief at 49-50. Appellant asserts that he "was deprived of equal treatment enjoyed by other juveniles and deprived of the benefits of the juvenile system" in violation of his due process rights under the Fourteenth Amendment of the United States Constitution and Article I, Sections 9 and 26 of the Pennsylvania Constitution. *Id.* at 49 (asserting that, "[n]o case found by [counsel for Appellant] comes remotely close to the prejudicial nature of the case at hand").

A challenge concerning the application of a statute, such as the Juvenile Act, presents a question of law for which our standard of review is *de novo* and our scope of review plenary. **Commonwealth v. McGarry**, 172 A.3d 60, 68 (Pa. Super. 2017), *appeal denied*, 185 A.3d 966 (Pa. 2017); **see also Commonwealth v. Monaco**, 869 A.2d 1026, 1029 (Pa. Super. 2005) (stating, "[t]he right to be treated as a juvenile offender is statutory rather than constitutional"), *appeal denied*, 880 A.2d 1238 (Pa. 2005).

The Juvenile Act affords protections to a child, as defined by the statute, and, as such, the Juvenile Act expressly limits its jurisdiction to proceedings involving a child, notwithstanding his or her age at the time the offense occurred. 42 Pa.C.S.A. § 6303. Section 6302 of the Juvenile Act defines a "child," *inter alia*, as "[a]n individual who [] is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years[.]"[15] 42 Pa.C.S.A. § 6302. It is well-established that, absent proof of an improper motivation for a delay in prosecution, a defendant who committed a crime as a child, but was not charged until after achieving the age of 21 years, can be tried as an adult in the criminal court and cannot benefit from the protections afforded by the Juvenile Act. **Monaco**, 869 A.2d at 1029-1030 (holding that, the applicability of the Juvenile Act is based upon the defendant's age at the

---

[15] Section 6302 defines "delinquent act" as, *inter alia*, "an act designated a crime under the law of [the] Commonwealth [of Pennsylvania.]" 42 Pa.C.S.A. § 6302.

time of arrest), *relying on **Commonwealth v. Anderson***, 630 A.2d 47 (Pa. Super. 1993), *appeal denied*, 637 A.2d 277 (Pa. 1993).

Here, the trial court, relying on ***Monaco***, ***supra***, held that Appellant "was not entitled to have his case transferred to juvenile court, notwithstanding [the] fact that [the] offenses at issue had allegedly been committed when [he] was under 18 years of age." Trial Court Opinion, 10/29/18, at 7.

A review of the criminal complaint demonstrates that, at the time the criminal proceedings against Appellant began, Appellant was 33 years old. Criminal Complaint, 10/30/17. As such, the juvenile court lacked jurisdiction, even though the alleged offenses occurred when Appellant was under the age of 18 years old. ***See Monaco***, 869 A.2d at 1029-1030; ***see also*** 42 Pa.C.S.A. § 6303. Therefore, Appellant was not entitled to a transfer of his case to the juvenile division of the court of common pleas. Consequently, Appellant's issue is without merit.

In his third issue, Appellant argues that the trial court erred in denying his motion to sever the charge related to C.A.B. from the charges related to K.R.G. Appellant's Brief at 50-55. Appellant claims that "the Commonwealth failed to allege a common act, plan, or scheme, or that the offenses were the result of the same act or transaction." ***Id.*** at 50. He claims the evidence of the alleged crimes against C.A.B. would not have been admissible in a trial for the crimes alleged against K.R.G., and vice versa. ***Id.*** at 52. He further argues he was prejudiced by the joint trial because the evidence would

improperly bolster the credibility of the complainants, and the evidence would have the tendency to establish bad character evidence. ***Id.*** at 53.

We review an order denying a motion for severance for an abuse of discretion, and we will not disturb the decision absent a showing of a manifest abuse of discretion. ***Commonwealth v. Collins***, 703 A.2d 418, 422 (Pa. 1997), *cert. denied*, 525 U.S. 1015 (1998).

Pennsylvania Rule of Criminal Procedure 563 governs the joinder of offenses in an information and provides, in pertinent part, as follows:

> (A) Two or more offenses, of any grade, may be charged in the same information if:
>
> (1) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[.]

Pa.R.Crim.P. 563(A)(1); ***see also*** Pa.R.Crim.P. 582(A)(1)(a) (stating, "[o]ffenses charged in separate indictments or informations may be tried together if [] the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion").

When offenses are not based on the same act or transaction, courts apply the following test to determine whether joinder is proper:

> [W]hether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Commonwealth v. Thomas*, 879 A.2d 246, 260 (Pa. Super. 2005), *appeal denied*, 989 A.2d 917 (Pa. 2010).

Evidence of other crimes or bad acts is not admissible to prove that the defendant acted "in conformity with those acts or to demonstrate a criminal propensity." *Commonwealth v. Brown*, 52 A.3d 320, 325 (Pa. Super. 2012); *see also* Pa.R.E. 404(b)(1) (stating that, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). Evidence of other crimes or bad acts may, however, be admitted for other purposes, including, *inter alia*, "to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident." *Brown*, 52 A.3d at 325; *see also* Pa.R.E. 404(b)(2) (stating that, evidence of a crime, wrong, or other act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). In a criminal case, however, evidence of other crimes or bad acts "is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2).

Here, the trial court found that the evidence of the crimes against K.R.G. would be admissible as evidence of absence of mistake or accident in a trial on the charge of the crime against C.A.B. Trial Court Opinion, 1/9/19, at 3. The trial court explained,

> [Appellant] may raise a defense that he accidentally touched [C.A.B.] while playing in the pool and she misinterpreted the contact because it involved touching over a bathing suit and she was seven years old at the time. Evidence that he exhibited similar behavior against another victim could demonstrate that he was aware of his actions and intended to assault C.A.B.

*Id.* The trial court further noted that the counts involved a similar timeframe and similar conduct, and evidence that one victim was assaulted may be admissible as evidence the other was assaulted, due to a common plan or scheme. *Id.*, *relying on* **Commonwealth v. Aikens**, 990 A.2d 1181, 1185 (Pa. Super. 2010). The trial court further noted the jury would be "able to distinguish evidence for each offense easily" because the various offenses "occurred at different locations and with two different victims." *Id.* at 4. The trial court concluded that Appellant would not be prejudiced based upon distinct, yet interrelated, evidence of the alleged assaults. *Id.* The trial court explained,

> [T]his case involve[d] two complainants who were children at the time of the alleged assaults[,] and they were alleging sexual assaults by [Appellant] over a five[-]year period. The assault against one victim may be evidence that [Appellant] had a motive or common plan of sexually assaulting minors for his own sexual gratification and[,] thus, evidence in support of the other victim's allegations.

*Id.* The trial court found that the evidence would not be presented "solely to show that [Appellant] had a propensity to participate in criminal activity or prove his bad character." *Id.*

Upon review, we discern no abuse of discretion or error of law in the trial court order denying Appellant's motion to sever. The evidence as to each

victim would have been admissible in a trial as to the other victim as evidence of absence of mistake and of common plan or scheme. **See Brown**, 52 A.3d at 325; **see also** Pa.R.E. 404(b)(2). Further, the admission of the evidence would not confuse the jury because the evidence involved different incidents on different days and different victims. Finally, we concur with the trial court that Appellant would not be unduly prejudiced by the evidence because it demonstrated the absence of mistake and a common plan or scheme. **See Collins**, 703 A.2d at 423 (stating, "the admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself"). Consequently, Appellant's third issue is without merit.

Next, Appellant claims the trial court erred in denying his motion to compel the disclosure of K.R.G.'s military records, including paperwork related to her discharge. Appellant's Brief at 55-58. Appellant asserts that he was prejudiced by this ruling because he was "denied the opportunity to present evidence to the jury as to [K.R.G.'s] real reason for early discharge from the military." **Id.** at 57. Appellant claims the information related to K.R.G.'s military discharge is relevant because, if she were less than honorably discharged, as Appellant believes she was, it would have undermined her credibility. **Id.** at 55. He claims that, contrary to the trial court finding, the discharge information "was within the Commonwealth's ready and reasonable ability to obtain or request." **Id.** at 57.

"[D]ecisions involving discovery in criminal cases lie within the discretion of the trial court [and the trial] court's ruling will not be reversed absent abuse of that discretion." ***Commonwealth v. Smith***, 955 A.2d 391, 394 (Pa. Super. 2008) (*en banc*). Pennsylvania Rule of Criminal Procedure 573 requires the Commonwealth to disclose, *inter alia*, "[a]ny evidence favorable to the accused that is material either to guilt or to punishment, and is **within the possession or control of the attorney for the Commonwealth of Pennsylvania**." Pa.R.Crim.P. 573(B)(1)(a) (emphasis added). In addition to requiring that the evidence be material, Rule 573 also requires that the evidence must be in the Commonwealth's possession or control. A trial court does not have the power to order the disclosure of materials that are explicitly directed to be kept confidential, *i.e.*, subject to a privilege. ***Commonwealth v. Segarra***, 228 A.3d 943, 959 (Pa. Super. 2020), *appeal denied*, 237 A.3d 975 (Pa. 2020).

A review of the record demonstrates that after Appellant filed a motion to compel discovery of K.R.G.'s military record, the trial court found the Commonwealth did not have possession of the record, but ordered that the Commonwealth ask K.R.G. to voluntarily produce the military discharge paperwork. ***See*** Trial Court Order, 5/28/19, at ¶2; ***see also*** Appellant's Consolidated Pre-Trial Motions, 5/24/19, at ¶¶26-46. The Commonwealth complied with the order, asking K.R.G. to provide a copy of her military records, but K.R.G. refused to disclose the information, stating that "none of this information is connected or related in any way to the allegation she has

made against [Appellant]." ***See*** Commonwealth Letter, 5/28/19. The trial court subsequently denied Appellant's motion to compel disclosure of K.R.G.'s military records. Trial Court Order, 5/29/19. We discern no abuse of discretion in the trial court's order denying Appellant's motion to compel discovery of K.R.G.'s military record, and Appellant has not cited any law to the contrary.[16] Furthermore, his argument is based on speculation, as he has not asserted that the discharge was, in fact, less than honorable, or otherwise relevant. Therefore, Appellant's issue is without merit.

In his fifth issue, Appellant claims the trial court erred in failing to dismiss all charges pursuant to the infancy defense. Appellant's Brief at 58-62. He contends that, at the time of the alleged offenses, he would have been 12 years old and, under Pennsylvania case law, a child between the ages of 7 years old and 14 years old is presumed to be incapable of committing a crime, but the presumption can be rebutted if the Commonwealth shows the defendant possessed criminal capacity. ***Id.***, *citing* ***Commonwealth v. Martz***, 118 A.3d 1175 (Pa. Super. 2015). He asserts that because the Commonwealth did not present relevant evidence, before trial, of Appellant's capacity at the time of the alleged offenses, all charges should have been dismissed. Appellant's Brief at 60.

The common law defense of infancy provides the following:

---

[16] The Privacy Act of 1974, 5 U.S.C.A. § 552(a), as amended, protects or limits access to, *inter alia*, military records.

> In Pennsylvania we have followed the common-law rule in measuring the capacity of a child to commit a crime. A child under the age of 7 years [or age] is conclusively presumed incapable of the commission of a crime; a child between the ages of 7 [years old] and 14 years [old] is likewise presumed incapable of committing a crime but such presumption is subject to refutation by evidence that the child does possess the criminal capacity; a child over the age of 14 years [old] is *prima facie* capable of the commission of a crime.

*Martz*, 118 A.3d at 1180, *quoting* **Commonwealth v. Green**, 151 A.2d 241, 246 (Pa. 1959). "Capacity, in terms of the infancy defense, refers, not to the ability to formulate *mens rea*, but to the ability to appreciate the criminality and wrongfulness of one's acts." **Martz**, 118 A.3d at 1183 (citation and ellipsis omitted). "[T]he common law defense of infancy remains applicable in criminal proceedings where a defendant is being prosecuted for conduct committed before the age of fourteen." **Id.** at 1181.

In denying Appellant's motion to dismiss all charges based upon the common law defense of infancy, the trial court concluded that, "if [Appellant] was under [the age of] 14 [years old] at the time of the alleged offenses, he may be able to raise the common law defense of infancy. However, the information should not be quashed for that reason." Trial Court Opinion, 10/29/18, at 8 (citation omitted).

A review of the record demonstrates that in his *omnibus* pre-trial motion, Appellant provided notice to the Commonwealth of his "intention to raise the infancy defense at trial" but did not explicitly request the trial court to dismiss the charges based upon the common law defense of infancy. Appellant's *Omnibus* Pre-Trial Motion, 8/2/18, at 84-88 (stating, "[w]herefore,

in order to preserve the right to do so at trial, [Appellant] hereby places the Commonwealth on notice of the intent to raise the infancy defense at trial, in the event that this prosecution is not dismissed"). We discern no error of law or abuse of discretion in the trial court's conclusion that Appellant retained the right to raise the rebuttable presumption of the infancy defense. *See* Trial Court Opinion, 10/29/18, at 8. Counts 6 through 9 of the bill of particulars aver that the alleged offenses occurred between June 22, 1997, and June 22, 2002. *See* Bill of Particulars, 6/25/18, at ¶¶6-19. Based upon Appellant's birth date, if some, or all, of the offenses detailed in Counts 6 through 9 occurred between June 1997, and February 1998, then Appellant would have been under the age of 14 years old and entitled to raise the rebuttable presumption of the infancy defense. ***See Martz***, 118 A.3d at 1180. We concur with the trial court that providing notice of the intention to raise the common defense of infancy, under the circumstances of the case *sub judice*, does not require dismissal of all the charges. Therefore, Appellant's issue is without merit.

In his sixth issue, Appellant raises a challenge to his sentence, arguing that the trial court "failed to put reasons on the record for sentencing [Appellant] in the aggravated range" of the sentencing guidelines. Appellant's Brief at 62-64.

Appellant's claim challenges the discretionary aspects of his sentence. ***See Commonwealth v. Beatty***, 227 A.3d 1277, 1287 (Pa. Super. 2020) (stating that, an assertion that the trial court failed to state its reasons for

imposing a sentence outside the sentencing guidelines raises a challenge to the discretionary aspects of the sentence). Before this Court can address the merits of such a challenge, however, we must determine whether the appellant invoked this Court's jurisdiction by satisfying a four-part test. *Id.* at 1286.

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 1286-1287, *citing* **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010).

Here, a review of the record demonstrates that Appellant did not preserve this discretionary sentencing challenge at the July 10, 2019 sentencing hearing or in a post-sentence motion and, as such, has waived this claim. **See Commonwealth v. Bullock**, 948 A.2d 818, 826 (Pa. Super. 2008) (finding waiver of a challenge to the trial court's alleged failure to state reasons for the sentence on the record where the appellant failed to raise the issue at sentencing or in a post-sentence motion, thereby, providing the trial court an opportunity to reconsider or modify the sentence); **see also** N.T., 7/10/19, 4-12.

In his final issue, Appellant asserts that his sentence was illegal because the sentence should run concurrently to the sentence Appellant was currently

serving.[17] Appellant's Brief at 64-66; **see also** Appellant's Supplemental Brief at 2-5. Appellant argues that, at the time of sentencing, the trial court failed to indicate that the newly-imposed sentence was to run consecutively to the sentence Appellant was currently serving. Appellant's Brief at 65; **see also** Appellant's Supplemental Brief at 3; N.T., 7/10/19, at 11-12. The trial court, Appellant contends, subsequently filed its written sentencing order on July 23, 2019, in which it added that the newly-imposed sentence would run consecutively to any other sentence Appellant was currently serving. Appellant's Supplemental Brief at 4. Appellant asserts that the trial court "wrongfully modified [his] sentence without providing notice, [pursuant to 42 Pa.C.S.A. § 5505, thereby,] depriving [Appellant] of his right to be heard on the matter." Appellant's Supplemental Brief at 4-5.

Appellant's challenge to the legality of his sentence raises a question of law for which our standard of review is *de novo*, and our scope of review is plenary. **Commonwealth v. Hawkins**, 45 A.3d 1125, 1130 (Pa. Super. 2012); *appeal denied*, 53 A.3d 756 (Pa. 2012). In fashioning a sentence of incarceration, a trial court is to comply with, *inter alia*, Pennsylvania Rule of Criminal Procedure 705, which states as follows:

**Rule 705.  Imposition of Sentence**

---

[17] Appellant asserts that he was "serving a prior state sentence [imposed in an unrelated matter] at the time of sentencing" in the case *sub judice*. Appellant's Supplemental Brief at 4.

(A) When imposing a sentence to imprisonment, the [trial court] shall state the date the sentence is to commence.

(B) When more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a defendant who is sentenced for another offense, the [trial court] shall state whether the sentences shall run concurrently or consecutively. If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the [trial court].

Pa.R.Crim.P. 705. Section 5505 of the Pennsylvania Judicial Code states that "[e]xcept as otherwise provided or prescribed by law, a court **upon notice to the parties** may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505 (emphasis added).

Here, the trial court, in orally setting forth its sentence at Appellant's sentencing hearing, stated, in pertinent part,

[O]n each of the two counts of indecent assault of a child less than 13 years of age, [Appellant] shall be incarcerated under the supervision of the Pennsylvania Department of Corrections for a period of not less than [12] months nor more than [60] months. The sentences shall run consecutively for an aggregate period of incarceration of not less than [24] months nor more than 120 months. [Appellant] is not entitled to any credit for time served.

N.T., 7/10/19, at 11 (extraneous capitalization omitted). The trial court's subsequent written sentencing order stated, in pertinent part,

On each of the two counts of indecent assault of a child less than 13 years of age, [Appellant] shall be incarcerated under the supervision of the Pennsylvania Department of Corrections for a period of not less than [12] months nor more than [60] months. The sentences shall run consecutively for an aggregate period of

incarceration of not less than [24] months nor more than 120 months. [Appellant] is not entitled to any credit for time served. **The sentence hereby imposed shall run consecutively with any other sentences [Appellant] is serving.**

Sentencing Order, 7/23/19 (extraneous capitalization omitted, emphasis added).

Generally, "the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the [trial] court's sentencing intentions and the sentence imposed." *Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013) (stating, "the signed sentencing order, if legal, controls over oral statements of the sentencing [court] not incorporated into the signed judgment of sentence" (citation and original quotation marks omitted)). This general rule, however, is not dispositive in the case *sub judice* because in the instant matter the written sentencing order included a statement **that was not made by the trial court at the sentencing hearing**. At the time of sentencing, the trial court did not make any statement regarding whether the newly-imposed sentence was to run consecutively or concurrently to the sentence Appellant was currently serving. The written sentencing order, however, included such a directive; stating that the newly-imposed sentence was to run consecutively to any other sentence Appellant was currently serving. Therefore, the trial court modified its judgment of sentence imposed at the time of sentencing when it filed its written sentencing order. Section 5505 of the Judicial Code permits the trial court to modify its sentencing order but **only after providing notice to the**

**parties**. Here, the certified record contains no such notice. As such, we are constrained to vacate the judgment of sentence and remand this case for re-sentencing in accordance with this opinion. The trial court is directed to provide Appellant notice of its intent to condition his sentence imposed in the instant matter to run consecutively to the sentence Appellant was already serving and to permit Appellant an opportunity to be heard on the matter.

Convictions affirmed. Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2022