J-S15009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD R KLINGENSMITH | : | |
| | : | |
| Appellant | : | No. 808 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 30, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000013-2022

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: June 10, 2025**

Appellant, Edward R. Klingensmith, appeals from the judgment of sentence entered January 30, 2024, as made final by the denial of his post-sentence motion on June 27, 2024.  We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows.

> On November 16, 2023, after a one-day trial, a jury convicted [Appellant] of [two counts of driving under the influence ("DUI"), DUI-general impairment and DUI-highest rate,] . . . driving with license suspended/revoked[,] driving while operating privilege suspended/revoked[, and impersonating a

---

[*] Retired Senior Judge assigned to the Superior Court.

public servant.[1,2]]  On January 30, 2024, [the trial court] sentenced [Appellant] to 40-84 months[' incarceration] on the DUI[-highest rate] charge, and to 24-48 months[' incarceration] on the first-degree misdemeanor suspended/revoked license charge [with] both sentences to run consecutively.  [The trial court] imposed no further penalty on the remaining charges.   … [Appellant's] counsel withdrew immediately following sentencing.

On February 1, 2024, [Appellant] filed a *pro se* post-sentence motion raising various issues, and on February 5, 2024, [Appellant] "re-filed" a *pro se* petition for writ of *habeas corpus*. On March 4, 2024, [the trial court] appointed Lea Bickerton, [Esquire,] to represent [Appellant] and [] granted [Attorney Bickerton's] request to extend the 120-day deadline for deciding post-sentence motions [pursuant to Pa.R.Crim.P. 720(B)(1)(b).  Attorney Bickerton] filed a memorandum of law raising four issues relating to ineffective assistance of trial counsel [although she also asserted that such claims] should be raised in post-conviction collateral relief proceedings[. … Attorney Bickerton] also claimed that [Appellant's] right to a public *voir dire* was violated.

[The trial court] conducted a hearing on [Appellant's] post-trial motions on June 24, 2024.  In addition to arguing the issues set forth in [Appellant's] memorandum of law, [Attorney Bickerton] also discussed a recent United States Supreme Court decision[, ***Erlinger v. United States***, 602 U.S. 821 (2024), issued on June 21, 2024, that addressed] which facts from past offenses must be heard by a jury.  On June 26, 2024[, after receiving permission from the trial court, Appellant] filed a supplemental post-sentence motion limited to [the applicability of ***Erlinger***, ***supra***].  The [trial] court denied [Appellant's] post-sentence motions on June 27, 2024.  [This timely appeal followed].

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), 1543(b)(1), 1543(b)(1.1) and 18 Pa.C.S.A. § 4912, respectively.

[2] The trial court also found Appellant guilty of the following summary offenses: 75 Pa.C.S.A. §§ 3362(a)(1.1-030) (maximum speed limits) and 3334(a) (turning movements and required signals).

Trial Court Opinion, 8/20/24, at 1-3 (footnotes omitted) (emphasis and footnote added).

Appellant raises the following issue for our consideration.

> After **Erlinger**[, **supra**,] is the **Almendarez-Tor[r]es v. United States**[, 523 U.S. 224 (1998)] exception that permits a court to use the fact of a prior conviction to increase the minimum or maximum range of [one's] sentence unconstitutional?

Appellant's Brief at 7.

In his sole issue on appeal, Appellant challenges the legality of his sentence for his conviction under 75 Pa.C.S.A. § 3802(c). A challenge to the legality of sentence raises a question of law for which our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Renninger**, 269 A.3d 548, 567 (Pa. Super. 2022) (*en banc*) (citation omitted), *appeal denied* 302 A.3d 95 (Pa. 2023).

Herein, Appellant argues that his sentence, which the trial court issued pursuant to 75 Pa.C.S.A. § 3804(c)(3),[3] cannot pass constitutional muster because a "jury was not given the opportunity to pass on the question of whether [he] was previously convicted of a DUI offense." Appellant's Brief at 16. In support of Appellant's claim, he relies on the United States' Supreme Court's decision in **Erlinger**, **supra**, which in Appellant's view, called into

---

[3] Section 3804(c)(3) directs a trial court to sentence an individual convicted of violating Section 3802(c) to "(i) undergo imprisonment of not less than one year; (ii) pay a fine of not less than $2,500[.00]; and (iii) comply with all drug and alcohol treatment requirements imposed under [S]ections 3814 and 3815" if it is his "third or subsequent offense." 75 Pa.C.S.A. § 3804(c)(3).

- 3 -

question the constitutionality of the narrow exception set forth in **Almendarez-Torres**, **supra** (recognizing a narrow exception to the Sixth's Amendment's general rule and permitting a judge to find the fact of a prior conviction for sentencing purposes).

It is well-settled that, in **Alleyne v. United States**, 570 U.S. 99 (2013), the Supreme Court of the United States established that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 103. It is equally well-settled, however, that in **Almendarez-Torres**, **supra**, the High Court recognized a narrow exception to this rule for prior convictions. In particular, the Court

> held that a criminal statute which enhances a sentence based upon a prior conviction does not create a separate crime that the government must charge as a fact in the indictment but, rather, is a penalty provision authorizing an enhanced sentence for recidivists.

**Commonwealth v. Verbeck**, 290 A.3d 260, 277 (Pa. 2023) (J. Todd, OISA).

While the decision in **Almendarez-Torres** has "c[o]me under scrutiny," it remains the law of the land. **Erlinger**, 602 U.S. at 837. This was explicitly recognized by the United States' Supreme Court in **Erlinger**, the case upon which Appellant relies. **See id.** at 838 (stating that "no one . . . asked [the Court] to revisit **Almendarez-Torres**" and there was no "need to do so" because, inter alia, "**Almendarez-Torres** [did] nothing to save the [appellant's] sentence."). In **Erlinger**, the Court analyzed an enhanced

sentencing scheme found in the Armed Career Criminal Act which increased the maximum penalty faced by a defendant if he or she had "three prior convictions for 'violent felonies' or 'serious drug offense[s]' that were 'committed on occasions different from one another.'" *Id.* at 825 (citation omitted). In particular, the High Court addressed whether "a judge may decide that a defendant's past offenses were committed on separate occasions under a preponderance of the evidence standard or whether the Fifth and Sixth Amendment require a unanimous jury to make that determination beyond a reasonable doubt." *Id.* at 825. Ultimately, the Court determined that the different-occasions inquiry, as a "'fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed,'" must be resolved by a "unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." *Id.* at 835, *citing **Apprendi v. New Jersey**,* 530 U.S. 566, 490 (2000). Importantly, in making this determination, the Court also recognized that, because the district court in **Erlinger** "had to do more than identify [the appellant's] previous convictions and the legal elements required to sustain them," *i.e.*, it "had to find that those offenses occurred on at least three separate occasions," it "did more than **Almendarez-Torres** allow[ed]." **Erlinger**, 602 U.S. at 838-839. For this reason, the High Court explicitly stated that it did not need to "revisit" its decision in **Almendarez-Torres**. *Id.* at 838.

Upon review, we conclude that Appellant's claim lacks merit. As stated above, Appellant's challenge is rooted in his belief that, because **Erlinger**

questioned the viability of **Almendarez-Torres** and because the trial court, not a jury, determined Appellant's prior conviction for DUI, his sentence for his conviction under 75 Pa.C.S.A. § 3802(c) does not pass constitutional muster.  Appellant, however, recognizes that the statements made in **Erlinger** regarding **Almendarez-Torres** "are likely *obiter dicta*" and, as such, cannot serve as a basis for invalidating his sentence.  Appellant's Brief at 18.  Indeed, "[t]his Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court."  **Commonwealth v. Reed**, 107 A.3d 137, 144 (Pa. Super. 2014).  Pursuant to **Almendarez-Torres** as well as 75 Pa.C.S.A. § 3804(c)(3), the trial court was permitted (indeed, compelled) to utilize Appellant's past DUI convictions in formulating his sentence under 75 Pa.C.S.A. § 3802(c).  Thus, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/10/2025

- 6 -