J-S26041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW RAKEEM MYERS, JR. | : | |
| | : | |
| Appellant | : | No. 2887 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 2, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003390-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW RAKEEM MYERS, JR. | : | |
| | : | |
| Appellant | : | No. 2888 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 2, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002295-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW RAKEEM MYERS, JR. | : | |
| | : | |
| Appellant | : | No. 2889 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 2, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002628-2021

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED NOVEMBER 20, 2023**

Matthew Rakeem Myers, Jr. appeals the judgment of sentence entered following his jury convictions for simple assault, defiant trespass, harassment, and terroristic threats.[1] He raises a challenge to both the weight and sufficiency of the evidence. He also claims the court abused its discretion in denying his pretrial motions. We affirm.

Myers' convictions are in reference to three separate incidents, docketed at 3390-2020, 2295-2021, and 2628-2021. Each incident involved Denia Melecio, the mother of Myers' children. The facts and procedural history of this case are as follows. The trial court granted Melecio a temporary protection from abuse order (PFA) against Myers on August 11, 2020. *See* Commonwealth's Exhibit 9 (Temporary PFA, No. 2020-05252, "August PFA"). The PFA expired on August 24, 2020. Two days later, Detective Kirk Guyer filed a criminal complaint against Myers. *See* Police Criminal Complaint, filed 8/27/20. In the complaint, Detective Guyer stated that on August 26, he arrived at 624 Olive Street in Chester County and that Melecio told him that Myer's punched her in the face. The complaint reads as follows:

> Upon arrival your Affiant made contact with Denia Melecio . . . . [Melecio] stated that her children's father, Matthew Myers Jr, . . . came into the backyard of her residence at [624 Olive Street]. [Melecio] instructed [Myers] to leave because he came over unannounced. [Myers] proceeded to say that he was taking the children and grabbed the two year old child. [Melecio] attempted to take the child away

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 3503(b)(1), 2709(a)(4), and 2706(a)(1), respectively.

from him when [Myers] began punching [Melecio] in the face with a closed fist. Your Affiant did observe swelling to [Melecio's] left cheek. [Melecio] then stated that her sister, Makyia Ortiga, . . . observed the altercation and jumped on [Myers'] back to get him to stop hitting [Melecio]. [Myers] then grabbed [Ortiga's] hair and was pulling her around on the ground by her hair. [Melecio] then grabbed the back of [Myers'] shirt to get him to stop and he threw her to the ground. Your Affiant did observe a large bruise and swelling on [Melecio's] left forearm.

**See id.** at Affidavit of Probable Clause. The Commonwealth charged Myers with two counts each of simple assault, harassment, and disorderly conduct, and one count of criminal trespass.[2] The matter was docketed at 3390-2020. **See** Information, 3390-2020.

Melecio obtained a temporary PFA following this incident. The court issued this PFA on August 27, 2020, with an expiration date of September 10, 2020. **See** Commonwealth's Exhibit 11 (Temporary PFA, No. 2020-06291).

The court entered a Final PFA on October 12, 2020, set to expire on October 12, 2023. **See** Commonwealth's Exhibit 12 (Final PFA, No. 2020-06291-PF, "October PFA").

The next incident occurred on March 27, 2021. That day Officer Jose Colon filed a criminal complaint against Myers alleging that the victim told him that Myers went to her home and threatened to beat up her father. The affidavit provides that:

On Saturday[,] March 27, 2021, at approximately 1259hrs, in the City of Coatesville Chester County Pennsylvania, your

---

[2] 18 Pa.C.S.A. §§ 2701(a)(1), 2709(a)(1), 5503(a)(1), and 3503(b)(1), respectively.

affiant was dispatched to 624 Olive St. for a report of harassment. Upon arrival contact was made with "Denia Melecio" hereafter known as the victim. The victim stated that "Matthew Myers Jr." hereafter known as the defendant did contact her via cell phone and then proceeded to come to her residence. She stated that the defendant was at the back yard threatening to beat up her father "Steven Scott" hererafter known as a witness. The victim stated that she has an active PFA order# 2020-06291-PF, which is in effect from the dates of October 12, 2020 to October 12, 2023. The defendant is in violation of sections 3 and 4 of the order.

Affidavit of Probable Cause, filed 5/5/21. The Commonwealth charged Myers with terroristic threats and harassment, and the matter was docketed at 2295-2021.[3] *See* Information (Docket 2295-2021), dated 8/2/21.

The final incident relevant to this case occurred on July 21 and 25, 2021. The affidavit of probable cause related to the incident provides that:

On July 21st, 202[1] at approx. 0830-1200 hours, [Officer Himmel] attended District Court 15-1-03 for criminal preliminary hearings. During one of the first hearings Matthew Myers Jr . . . was at DC 15-1-03 for his hearing in regards to a PFA violation and Witness intimidation. After Judge Hines read the verdict to his case and court was adjourned, there was a disturbance in the court room between [Myers] and the two victims/witnesses. The victim in this case was Denia Melecio . . . . As the defendant was exiting the courtroom he began to have words with the [Melecio]. [Officer Himmel] followed the two outside to prevent any further altercation from happening. Constable Tyrone Harley was escorting [Myers] towards the parking lot when [Officer Himmel] heard the defendant yell "tell your dad to meet me on 1st Ave["] (where [Myers] resides) meaning to fight him. This information was relayed to ADA Daniel Yarnell.

On July 25th, 2021 . . . .[Melecio] stated [Myers] stopped at the victim's residence located at 624 Olive St in his white

_____

[3] 18 Pa.C.S.A. §§ 2706(a)(1) and 2709(a)(3), respectively.

SUV with tinted windows shortly before she called 911 around 2100 hours. [Myers] rolled down the window exposing his face to [Melecio] and stated "I am going to get someone to beat the shit out of you". [Myers] then drove off.

Affidavit of Probable Cause, filed 7/27/21. The Commonwealth charged Myers with two counts of retaliation against witness or victim, and one count each of terroristic threats and harassment.[4] This case was docketed at 2628-2021.

The Commonwealth filed a notice of consolidation on September 9, 2021, stating its intent to try all three cases together. *See* Commonwealth's Notice of Consolidation, filed 9/9/21. In response, Myers filed a motion to sever. *See* Defendant's Motion to Sever, filed 9/16/21. He argued that trying the cases together would confuse the jury and that each case was not "part of one criminal episode[,]" since "[e]ach case is separated by multiple months." *Id.* at ¶¶ 11, 12. He argued that evidence of his alleged assault on the victim's father would be inadmissible in the other two cases and that he would suffer prejudice from the consolidation. *See id.* at ¶¶ 16, 17. The Commonwealth filed a response stating that joinder was proper "because all of the charged crimes are part of the same ongoing pattern of criminal conduct by [Myers] in which he repeatedly harassed the mother of his children and her immediate family." Commonwealth's Response to Defendant's Motion to Sever, filed 9/29/21, at 6. It also stated that "[e]vidence of the nature and extent of [Myers'] behavior is relevant and admissible at a trial for any of the

---

[4] 18 Pa.C.S.A. §§ 4953(a), 2706(a)(1), and 2709(a)(3), respectively.

- 5 -

offenses." *Id.* at 16. The court ultimately denied Myers' motion to sever. ***See*** Order, 10/21/21.

The Commonwealth also filed a notice of its intention to introduce the "facts, circumstances and procedural history" of the August and October PFA's. Notice, filed 10/14/21. Myers then filed a Motion *in Limine* to exclude evidence of the PFA's as evidence under Rule 404(b) of the Pennsylvania Rules of Evidence. He maintained that the PFA orders were the "epitome of propensity evidence" and that any probative value was "outweighed by the danger of unfair prejudice." Defendant's Motion *in Limine* to Exclude Commonwealth's Proposed Rule 404(b) Prior Acts and Other Unduly Prejudicial Evidence, filed 3/8/22, at ¶¶ 16, 20. The court denied the motion to exclude evidence of the prior PFAs and noted that the Commonwealth agreed to not use the term "Protection From Abuse" or "Protection From Abuse Order" at trial. Order, filed 3/21/22, at 1 n.1. At trial, the victim referred to the PFA as a "protection order." See N.T., Trial, 5/10/22, at 143.

On May 9, 2022, Myers filed a Motion *in Limine* to introduce impeachment evidence against Steven Scott, the victim's father. Namely, his *crimen falsi* convictions that were "over ten-years-old." Defendant's Motion *in Limine* to Introduce Past Convictions of Steven Scott Under Rule 609, filed 5/9/22, at ¶¶ 3, 4. However, he orally withdrew the motion on the day of trial. ***See*** N.T., Trial, 5/10/22, at 4.

Myers proceeded by way of a jury trial. The jury found Myers guilty of simple assault and defiant trespass at Docket 3390-2020, harassment at

Docket 2295-2021, and terroristic threats at Docket 2628-2021. The court sentenced Myers to an aggregate term of two and one-half to eight years' incarceration. Myers filed a post sentence motion, which the trial court denied. These timely appeals followed.[5]

Myers raises the following issues:

1. Was the evidence presented at trial legally insufficient to support the jury's verdict.

2. Was the jury's verdict against the weight of the evidence and did it shock the conscience.

3. Did the [c]ourt err in denying [Myers'] motion to sever and allowing these three informations to be heard in a single trial.

4. Did the [c]ourt err in denying [Myers'] motion *in limine* and in admitting prejudicial Commonwealth evidence at trial pursuant to Pa.R.E. 609.

Myers' Br. at 7 (numbering corrected[6]).

In his first issue, Myers argues that the Commonwealth presented insufficient evidence to support the guilty verdicts. He contends in the argument section of his brief that the evidence was insufficient to prove the *mens rea* for each of his convictions. ***See id.*** at 17-20.

However, Myers' Rule 1925(b) statement did not identify any element of the crimes of which he was found guilty that he was claiming was

---

[5] By order dated March 6, 2023, we *sua sponte* consolidated these appeals. ***See*** Order, filed 3/6/23.

[6] Myers numbers his issues as "1," "2," "4," and "5." This appears to be a typographical error.

unsupported by the evidence. "[W]hen challenging the sufficiency of the evidence on appeal, the Appellant's 1925[b] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009) (cleaned up). A failure to specify the element or elements that the appellant intends to challenge results in waiver of the sufficiency claim. *See id.*

Here, Myers failed to specify in his Rule 1925(b) statement the element or elements that would render the evidence insufficient for the guilty verdicts. His statement merely states, "The evidence presented at trial was legally insufficient to support the jury's verdict." Rule 1925(b) Statement, filed 11/8/22, at ¶ 1. This one sentence does not identify which of the four convictions he is challenging or which elements of those convictions the Commonwealth failed to prove. As such, Myers' challenge to the sufficiency of the evidence is waived. *See Gibbs*, 981 A.2d at 281.

In his second issue, Myers claims that the jury's verdict was against the weight of the evidence. He argues that the evidence was "so unreliable and contradictory as to make the verdict based on pure conjecture." Myers' Br. at 22. He states that the testimony of the Commonwealth's witnesses was "conflicting" and their testimony "created a wholly unreliable record[.]" *Id.*

We review a weight claim for an abuse of discretion. *See Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa.Super. 2017). A court should grant a new trial when presented with a weight challenge where

"the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). "The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citation omitted). Furthermore, "[t]he weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record." ***Commonwealth v. Lyons***, 833 A.2d 245, 259 (Pa.Super. 2003) (citation omitted). When an appellant fails to raise a weight claim before the trial court, the claim is waived. ***See*** Pa.R.Crim.P. 607, comment ("a challenge to the weight of evidence must be raised with the trial judge or it will be waived").

Here, Myers' challenge to the weight of the evidence is waived. While he raised a challenge to the weight of the evidence, he did not raise this specific challenge. In his post-sentence motion, Myers claimed that the verdict was against the weight of the evidence for the following reasons:

- "The verdict in each of the three informations are wholly inconsistent with one another[.]"

- "[The] impermissible vagueness of the verdict slip as to CR-2295-21 that allowed for one count against two supposed victims, one of whom (Scott) the jury clearly found not to be credible as to the charge of terroristic threats, as the jury acquitted [Myers] of this charge."

- "[T]he improper joinder of three cases in one trial, following which the Commonwealth sought consecutive sentences for conduct the Commonwealth had argued was part of one pattern of criminal conduct when the Commonwealth opposed [Myers'] motion to sever."

[Myers'] Post-Sentence Motion, filed 8/9/22, at ¶¶ 18, 19, 20. Myers therefore raised his challenge to the weight of the evidence based on the alleged conflicting testimony for the first time on appeal. The specific claim Myers now makes is waived. **See Commonwealth v. Jones**, 191 A.3d 830, 835 (Pa.Super. 2018) (concluding waiver where appellant failed to raise specific weight claim presented in appellate brief before the trial court).

In his third issue, Myers claims the court erred in denying his motion to sever. He argues that the court should have granted his motion because the evidence of each case confused the jury. He also claims that "[t]he multiple parties involved unduly prejudiced" him. Myers' Br. at 24.

We review the denial of a motion to sever for an abuse of discretion. **Commonwealth v. Renninger**, 269 A.3d 548, 563 (Pa.Super. 2022) (*en banc*). Rule 583 of the Pennsylvania Rules of Criminal Procedure provides that a "court may order separate trials of offenses . . . if it appears that any party may be prejudiced by offenses . . . being tried together." Pa.R.Crim.P. 583. When determining whether consolidation of offenses is proper, a trial court should consider whether "the evidence of each of the offenses would be admissible in a separate trial for the other." **Commonwealth v. Collins**, 703 A.2d 418, 422 (Pa. 1997). The court should also determine whether the jury will be able to separate the evidence to avoid the danger of confusion. **See**

*Commonwealth v. Thomas*, 879 A.2d 246, 260 (Pa.Super. 2005). If the court can answer these queries in the affirmative, then it must determine whether the defendant would suffer undue prejudice by the consolidation. *See id.* Prejudice in this context is "that which would occur if the evidence tended to convict [the defendant] only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence." *Collins*, 703 A.2d at 423 (citation omitted).

"Evidence of any other crime, wrong, or act, is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, such evidence may be admissible "where the acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development." *Commonwealth v. Powell*, 956 A.2d 406, 419 (Pa. 2008). Additionally, this evidence is admissible only where the probative value outweighs any unfair prejudice. *See* Pa.R.E. 404(b)(2).

The trial court did not abuse its discretion in denying Myers' motion to sever. First, regarding the question of admissibility, the evidence of each of Myers' offenses was admissible in each of the three cases because these acts were evidence of the chain of events related to the history and development of the case. *See Powell*, 956 A.2d at 419. The evidence also collectively established Myers' relationship with the victim and his growing animosity towards her, and explained why she had to obtain two protection orders against Myers. Regarding the risk of jury confusion, the Commonwealth

presented the testimony and evidence related to each offense in a logical order, such that the jury would be able to separate out the evidence pertinent to each charge. Lastly, the court acted within its discretion in finding no undue prejudice. As just explained, the evidence was separable and not of such a nature that it tended to suggest convicting Myers due to a criminal propensity.

For his final issue, Myers argues that the court erred in denying his motion *in limine*. He claims that at trial the Commonwealth presented testimony about the victim's father in an attempt "to bolster the witness's credibility." Myers' Br. at 26. He also claims that the court prejudiced him by barring him from countering this testimony "with testimony concerning the []father's extensive *crimen falsi*[.]" ***Id.***

This claim is meritless. On the first day of trial, Myers withdrew this motion to introduce impeachment evidence against the victim's father. ***See*** N.T., Trial, 5/10/22, at 4 (defense counsel stating "I am withdrawing the motion *in limine* pursuant to Rule 609"). We affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023

- 12 -