J-S29034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v. :
:
:
:
ORGUANA SANDERS :
:
Appellant : No. 707 WDA 2023

Appeal from the Judgment of Sentence Entered June 1, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003050-2021

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: September 12, 2024**

Appellant, Orguana Sanders, appeals from the aggregate judgment of sentence of 6 to 12 months' incarceration, imposed after a jury convicted him of terroristic threats, harassment, and simple assault.[1]  On appeal, Appellant solely challenges the trial court's denial of his motion to sever this case from charges that were filed in a separate incident.  After careful review, we affirm.

We briefly summarize the facts as follows.  In August of 2021, Appellant made several threatening remarks to his ex-girlfriend, Terrie Feath, when the two happened to run into each other in a Family Dollar store.  Appellant's threats included repeatedly saying, "I'm going to blow your brains [out] and I'm going to hit you, I'm going to get you."  N.T. Trial, 4/11/23, at 25.  Present at the time of these threats was Feath's niece, S.C., who was 13 years old.

_____

[1] 18 Pa.C.S. §§ 2706(a)(1), 2709(a)(1), and 2701(a)(3), respectively.

For this conduct, Appellant was charged with terroristic threats, harassment, and simple assault at docket number CP-25-CR-0003050-2021 (hereinafter, "case 3050-2021" or "Family Dollar case").

Two months later, in October of 2021, S.C. saw Appellant driving as she was walking into her school. According to S.C., Appellant "told [her that] the next time he [saw her] by [herself] he was going to kill [her]." *Id.* at 60. S.C. reported Appellant's threat to school officials and the police were called. *Id.* For this incident, Appellant was charged with terroristic threats and disorderly conduct at docket number CP-25-CR-0003152-2021 (hereinafter, "case 3152-2021" or "school case").

Prior to trial, the court held a pretrial motions hearing, at which Appellant orally moved for his cases to be severed. N.T. Pretrial Hearing, 4/10/23, at 4.[2] In explaining why it was trying the cases together, the Commonwealth stated:

> [The Commonwealth]: The witness of the -- there's four witnesses in the [Family D]ollar … [case]. One of those witnesses is then walking to school and alleges that he shows up. They're allegations, I'm not trying to trick you or nothing [*sic*]. The allegations are that he threatened to kill her when he catches her alone.
>
> She's a teenaged -- she's a 13-year-old girl, and it's the same witness from the [Family Dollar case]. And we view it as a

---

[2] We note that, at this proceeding, Appellant also expressed his desire to represent himself. *See* N.T. Pretrial Hearing at 2. After a colloquy was conducted, the court granted Appellant's request and, thus, Appellant acted *pro se* during the litigation of his pretrial motion to sever, as well as during his trial and sentencing in this case. *Id.* at 5-20.

retaliation or a tampering or a hindering of prosecution. That's why we're attempting to try them together.

*Id.* at 5. In response, Appellant essentially claimed that he (acting *pro se*) could not argue both cases at the same time. *See id.* at 6 (Appellant's stating, "There's two days at one time. I can't argue."). The court then reasoned:

THE COURT: … [T]he victim in both [cases] is a 13-year-old girl and I don't think she should have to have the misfortune of coming in here twice.

*Id.* The court cautioned, however, that "[t]he jury is going to have to be made well aware these are separate matters." *Id.* at 7. The Commonwealth assured the court that "[t]hey're different dates. They're different incidents. Different Erie [p]olice officers respond. I don't think there will be any confusion." *Id.* At the close of the hearing, the court denied Appellant's severance request. *See id.* at 24.

Appellant's case proceeded to a jury trial on April 11, 2023, at the close of which he was convicted of the offenses in the Family Dollar case, but acquitted of the offenses in the school case. On June 1, 2023, the court sentenced Appellant to the aggregate term set forth *supra*.

At some point thereafter, Tina Fryling, Esq., began representing Appellant.[3] She filed a timely notice of appeal on Appellant's behalf.[4] On June

_____

[3] The record does not contain an appointment order, or any entry of appearance by Attorney Fryling.

[4] Because Appellant was acquitted in case 3152-2021, his notice of appeal – and, thus, the caption in this case – included only the docket number of case 3050-2021.

- 3 -

23, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. According to the trial court,

> [o]n August 28, 2023, Appellant[, via Attorney Fryling,] filed a motion for extension of time to file the concise statement on the basis transcription of proceedings was incomplete. On August 28, 2023, the [c]ourt granted the motion and directed Appellant to file the concise statement thirty (30) days after transcription was complete. The [c]ourt directed counsel to follow the docket for the filing of transcripts.
>
> During the week ending Friday, October 13, 2023, [c]ourt staff inquired with the Office of Court Reporters about the status of transcription. The [c]ourt was advised Appellant had not served upon the Office of Court Reporters a request for transcription.
>
> As Appellant failed to request transcripts, no [Rule] 1925(b) Statement was filed….

Trial Court Opinion, 10/17/23, at 2. Accordingly, the court concluded that any issue Appellant sought to raise on appeal was waived, and that his appeal should be dismissed. *Id.*

The same day the court filed its opinion deeming Appellant's issues waived, Attorney Fryling filed a Rule 1925(b) statement. Therein, counsel raised (albeit, in slightly different language) the following claim that she sets forth in Appellant's brief:

> Did the court abuse its discretion in trying all of the charges in this case and case 3152-2021 together, when they were from separate incidents, thereby prejudicing [Appellant]?

Appellant's Brief at 2.

Initially, we observe that in Attorney Fryling's motion for an extension of time to file Appellant's Rule 1925(b) statement, she claimed that she "requested that transcripts of all proceedings be prepared in this case, via an

- 4 -

Order for Transcripts filed and forwarded to the Erie County Court Reporters when the Notice of Appeal in this case was filed." Motion, 8/28/23, at unnumbered 1 ¶ 2. Moreover, attached to counsel's June 21, 2023 notice of appeal is a request for transcripts. *See* Notice of Appeal, 6/21/23, at unnumbered 4. Additionally, the transcripts of the pretrial motions hearing, jury trial, and sentencing are contained in the certified record and are time-stamped by the Erie County Clerk of Courts as having been filed on July 11, 2023. Thus, we are confused as to why Attorney Fryling also claimed, in her motion for an extension of time to file Appellant's concise statement, that "[a]s of August 25, 2023, the majority of the transcripts in this case have not been transcribed and filed." Motion, 8/28/23, at unnumbered 1 ¶ 4. We are further perplexed as to why the court was informed, in October of that same year, that Attorney Fryling had never requested the transcripts.

In light of the confusion regarding the filing and/or availability of the transcripts in this case, we decline to find Appellant's issue waived on the basis that his Rule 1925(b) statement was untimely filed. Thus, we proceed to addressing the merits of Appellant's argument.[5]

_____

[5] Even if the record was clear that Attorney Fryling acted ineffectively by not requesting, and/or timely filing, Appellant's concise statement, we would still assess the merits of Appellant's issue. Rule 1925(c)(3) states that, where this Court finds that counsel acted with *per se* ineffectiveness in filing an untimely concise statement, we "**may** remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3) (emphasis added). Alternatively, we have also held that "this Court may decide the appeal on the
*(Footnote Continued Next Page)*

Appellant insists that the trial court erred by denying his oral motion to sever the charges related to the school case from the charges related to the Family Dollar case because "separate trials of the offenses in this case would have been appropriate." Appellant's Brief at 10. He cites that the incidents occurred approximately two months apart. *Id.* He also notes that the trial court's reasoning that S.C., the 13-year-old witness/victim, should not be forced to come into court twice, improperly considered the needs of S.C. above Appellant's right not to be prejudiced by the jury's hearing about "other incidents for which he has not yet been tried." *Id.* For instance, Appellant argues that, had the Family Dollar case been tried first, he "might have been found not guilty in that case, which would have then resulted in the … school case … being tried as a stand[-]alone case without all of the information regarding the Family Dollar incident being included." *Id.* Thus, Appellant contends that the two cases should have been severed.

We are unconvinced. Initially, we note that:

> We review an order denying a motion for severance for an abuse of discretion, and we will not disturb the decision absent a showing

_____

merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." ***Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009). Here, although the trial court did not prepare an opinion addressing Appellant's issue, the court's reasoning for denying Appellant's motion to sever is apparent from the record of the pretrial hearing on April 10, 2023, which we discuss *infra*. Accordingly, even if counsel acted ineffectively in filing an untimely Rule 1925(b) statement, we would conclude that remand in this case is unnecessary, and we would address the merits of Appellant's issue.

of a manifest abuse of discretion. ***Commonwealth v. Collins***, … 703 A.2d 418, 422 ([Pa.] 1997)….

Pennsylvania Rule of Criminal Procedure 563 governs the joinder of offenses in an information and provides, in pertinent part, as follows:

(A) Two or more offenses, of any grade, may be charged in the same information if:

(1) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[.]

Pa.R.Crim.P. 563(A)(1); ***see also*** Pa.R.Crim.P. 582(A)(1)(a) (stating, "[o]ffenses charged in separate indictments or informations may be tried together if [] the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion").

When offenses are not based on the same act or transaction, courts apply the following test to determine whether joinder is proper:

[W]hether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the consolidation of offenses.

***Commonwealth v. Thomas***, 879 A.2d 246, 260 (Pa. Super. 2005)….

Evidence of other crimes or bad acts is not admissible to prove that the defendant acted "in conformity with those acts or to demonstrate a criminal propensity." ***Commonwealth v. Brown***, 52 A.3d 320, 325 (Pa. Super. 2012); ***see also*** Pa.R.E. 404(b)(1) (stating that, "[e]vidence of [any other] crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). Evidence of other crimes or bad acts may, however, be admitted for other purposes, including, inter alia, "to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident." ***Brown***, 52 A.3d at

- 7 -

325; *see also* Pa.R.E. 404(b)(2) (stating that, evidence of a crime, wrong, or other act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). In a criminal case, however, evidence of other crimes or bad acts "is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2).

*Commonwealth v. Renninger*, 269 A.3d 548, 563 (Pa. Super. 2022).

Here, we begin by noting that Appellant cites no legal authority to support his position that the trial court improperly took into account the potential impact that severing his cases would have on S.C. To the contrary, we discern no abuse of discretion in the court's consideration of the fact that S.C. was a minor, and that she would be forced to appear in court twice — once as a witness in the Family Dollar case, and once as the victim in the school case — if the cases were tried separately. Moreover, Appellant cannot contend that he was prejudiced, at the expense of S.C.'s well-being, when he was **acquitted** of the crimes in the school case. Clearly, Appellant cannot demonstrate that he could have achieved a better outcome in that case had it been tried separately.

Moreover, we agree with the Commonwealth that the cases were appropriately tried together, as the evidence of each incident would have been admissible in the trial of the other. First, the Commonwealth explains that "Appellant's actions and statements to [S.C.] during the second[, school] incident ([*i.e.,*] that the next time he saw her by herself he was going to kill her…) tend to show his motive to retaliate against S.C. for her actions as a

witness against Appellant in the first[, Family Dollar] incident….” Commonwealth's Brief at 2-3. In other words, Appellant's actions in the Family Dollar case, which were witnessed by S.C., provided the context for his motive to threaten S.C. in the school case.

Notably, the Commonwealth made this same argument at the hearing on Appellant's oral motion to sever. *See* N.T. Pretrial Hearing at 5. Appellant (who was then acting *pro se*) did not respond with any argument or challenge to the Commonwealth's position on the admissibility of the Family Dollar case in the school case. He also does not meaningfully develop any such argument on appeal.

We conclude that the Commonwealth is correct that Appellant's actions in the Family Dollar case would be admissible for proving his motive to threaten S.C. in the school case. *See Renninger*, *supra*; Pa.R.E. 404(b)(2). As the Commonwealth explained in its opening statement in this case, after the Family Dollar incident, charges were filed against Appellant and a hearing was held, at which S.C. was present. *See* N.T. Trial at 14-15. It was *after* that hearing that Appellant threatened S.C. These facts support that the evidence of the Family Dollar case would be admissible in the school case to prove that Appellant threatened S.C. in retaliation for her participation in the Family Dollar case, or to intimidate her from continuing to assist the Commonwealth in that prosecution.

Additionally, we also determine that Appellant's retaliatory actions in the school case would be admissible in the Family Dollar case to prove that

Appellant **actually made** the claimed threats in the Family Dollar case, and that he did so intentionally. Appellant's retaliation and threats to S.C., after she showed up at a hearing in the Family Dollar case, demonstrate that he in fact committed the offenses in the Family Dollar case and was attempting to silence S.C. from testifying against him. Thus, we also conclude that the school case would be admissible in a separate trial for the Family Dollar case.

Again, Appellant offers no developed discussion on appeal regarding why the evidence of each case would have been inadmissible in the separate trial for the other, had the two cases been tried separately. He also does not mention how the probative value of each incident would have been outweighed by the prejudice he would have unfairly suffered. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008) (citations omitted). Thus, we conclude that the first prong of the joinder test supports the court's decision that joinder of Appellant's cases was proper.

Likewise, the second prong of that test weighs in favor of joinder. It is apparent that the jury was able to, and actually did, separate the evidence of the two cases, as it convicted Appellant of all the offenses in the Family Dollar case, and acquitted him of each offense in the school case. Moreover, the incidents occurred two months apart, were in different locations, and involved different victims, as S.C. was the victim in the school case and Terrie Feath was the victim in the Family Dollar case. **See Renninger**, 269 A.3d at 564

(concluding "the admission of the evidence would not confuse the jury because the evidence involved different incidents on different days and different victims"). Thus, there was little risk that the admission of the evidence of both incidents would confuse the jury, and the verdicts demonstrate that it actually did not.

Finally, Appellant has failed to convince us that he was unduly prejudiced by the consolidation of his two cases. Again, he was acquitted in the school case, and he does not meaningfully explain why he was prejudiced in the Family Dollar case by the admission of evidence that he threatened S.C., when clearly the jury did not believe that evidence. Thus, we discern no abuse of discretion or error of law in the trial court's denying Appellant's motion to sever.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/12/2024