J-A18037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JENNIFER ANN PARKER, :
:
Appellant : No. 2857 EDA 2024

Appeal from the Judgment of Sentence Entered April 22, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002877-2023

BEFORE:  OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 2, 2025**

Appellant, Jennifer Ann Parker, appeals from the April 22, 2024 judgment of sentence entered in the Montgomery County Court of Common Pleas following her conviction by a jury of Accidents Involving Death and Driving Under the Influence—Controlled Substance ("DUI"), and by the trial court of three summary driving offenses.[1]  Appellant challenges the trial court's denial of her motion to bifurcate, the weight of the evidence, and the discretionary aspects of sentencing.  After careful review, we affirm on the basis of the trial court's opinion.

On February 17, 2023, at approximately 9:00 PM, Appellant struck and killed a pedestrian while driving her Honda Pilot SUV on Butler Pike in Whitemarsh Township and then fled the scene.  On March 23, 2023, the

_____

[1] 75 Pa.C.S. §§ 3742(a), 3802(d)(1)(i), 3744(a), 3746(a)(1), and 3714(b), respectively.

Commonwealth charged Appellant with the above crimes. The trial court set forth the relevant facts underlying the charges in its December 18, 2024 opinion and we adopt its recitation for purposes of this appeal. *See* Trial Ct. Op., 12/18/24, at 1-14.

Appellant filed numerous pretrial motions, including a motion to bifurcate the DUI charge from the Accidents Involving Death charge, contending that the DUI charge was prejudicial and misleading because the jury would automatically assume Appellant was impaired. Following a hearing on the motion, the trial court determined that "there was nothing inherently prejudicial about the DUI [charge] to warrant bifurcating that charge." *Id.* at 15. The court further determined that the "DUI charge was part and parcel of the criminal episode and it was permissible for the Commonwealth to argue that leaving the scene of the accident was based, at least in part, on Appellant knowing she had marijuana in her system." *Id.*

After a three-day trial, the jury convicted Appellant of Accidents Involving Death and DUI. The court held the adjudication of the summary offenses for sentencing and deferred sentencing pending preparation of a pre-sentence investigation ("PSI") report.

At the April 22, 2024 sentencing hearing, the trial court convicted Appellant of the summary driving offenses. Then, after considering the arguments of counsel, victim impact testimony and written statements, Appellant's statement, the PSI report, and the sentencing guidelines, the court imposed a term of 3½ to 10 years of incarceration for the Accidents Involving

Death conviction and a consecutive term of 72 hours to 6 months of incarceration for the DUI conviction.[2] The court stated on the record that it was imposing a sentence greater than the mandatory minimum of three years because "any lesser sentence would deprecate the seriousness of this crime and would not appropriately take into account the severity of [Appellant's] actions, all of them, not just leaving the scene, but the actions that followed. And the incredible, terrible impact that this crime had on the victim's family and community." N.T. Sentencing, 4/22/24, at 38-39. Appellant did not file a post-sentence motion or timely notice of appeal from her judgment of sentence.

On June 12, 2024, Appellant successfully petitioned for reinstatement of her appeal rights *nunc pro tunc*. Appellant then filed a post-sentence motion asserting, *inter alia*, that her Accidents Involving Death conviction was against the weight of the evidence and that her sentence was excessive. The trial court denied Appellant's post-sentence motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[2] Appellant's prior record score was zero and the offense gravity score for Accidents Involving Death—a second-degree felony—is nine. **See** N.T. Sentencing, 4/22/24, at 5. A standard range sentence for Accidents involving Death is 12 to 24 months plus or minus 12 months, and 36 months in the aggravated range. **Id.** at 35. However, pursuant to 75 Pa.C.S. § 3742(b)(3)(i), a conviction of that offense carries a mandatory minimum sentence of three years. Thus, the court may sentence a defendant convicted of Accidents Involving Death "for a term[,] which shall be fixed by the court at not more than ten years." 18 Pa.C.S. § 1103(2); 75 Pa.C.S. § 3742(b)(3)(1).

Appellant raises the following three issues on appeal:

1. Did the lower court err in denying [Appellant's] motion to bifurcate the charge of [DUI] in light of the prosecution's subsequent use of the charge in closing argument to [imply] that [Appellant] fled the scene due to consciousness of guilt as to impairment?

2. Is [Appellant] entitled to an arrest of judgment and/or new trial [] on the ground that the jury's verdict of guilty with respect to Count 1: Accidents Involving Death or Personal Injury was against the weight of the evidence since the Commonwealth's case failed to establish that [Appellant] was aware her vehicle struck a human being since, (1) the evidence was consistent with a "no escape" situation, (2) the evidence was inconsistent with a roof vault scenario, (3) the Commonwealth's human factor testing was flawed due to the advance notice that a pedestrian was present, thereby resulting in longer sight distances being recorded, (4) that no testing was performed with a truck in front of the vehicle, and (5) the Commonwealth's reconstruction of the accident omitted factors such as oncoming headlights or a truck being in front of [Appellant's] vehicle?

3. Was the lower court's aggregate sentence of 3½ to 10 years imprisonment imposed at Count 1 contrary to the fundamental norms of the sentencing process in that it was unduly harsh since the length of the sentence exceeded the mandatory minimum sentence and was six months over the aggravated range of the sentencing guidelines and was based exclusively on the facts of the instant case, while failing to give adequate consideration to mitigating evidence presented at sentencing and in the pre-sentence report including but not limited to, (1) [Appellant's] genuine display of remorse, (2) her lack of prior record, (3) the fact that she was the sole caretaker for three daughters, (4) her exceptional work history, and (5) her substantial ties to the community?

Appellant's Brief at 3-4.

\*\*\*

- 4 -

In her first issue, Appellant challenges the trial court's denial of her motion to bifurcate the DUI and Accidents Involving Death charges. *Id.* at 19-25. In particular, she argues that admitting evidence of her DUI charge prejudiced her because it improperly suggested that intoxication played a role in the accident and that Appellant fled in an attempt to hide her impairment. *Id.* at 25

On appeal, this court will not reverse the trial court's order denying a motion to sever charges absent an abuse of discretion. ***Commonwealth v. Renninger***, 269 A.3d 548, 563 (Pa. Super. 2022). "The critical consideration is whether the appellant was prejudiced by the trial court's decision not to sever. The appellant bears the burden of establishing such prejudice." ***Commonwealth v. Dozzo***, 991 A.2d 898, 901 (Pa. Super. 2010) (citation omitted).

Pa.R.Crim.P. 583 provides, in pertinent part, that:

The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

*Comment*: This rule provides the procedure whereby the court may, because of prejudice to a party, order separate trials of offenses or defendants that otherwise would be properly tried together under Rule 582. A defendant may also request severance of offenses or defendants on the ground that trying them together would be improper under Rule 582.

Pa.R.Crim.P. 583

Rule 582 applies to offenses charged in separate informations and permits those offenses to be tried together:

(a) [if] the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1)(a), (b). The court may order separate trials if the standards set forth in Rule 582(A)(1)(a) and (b) are not met, or pursuant to Rule 583.

In the context of Rule 583, prejudice occurs if the evidence presented tended to convict a defendant only by her "propensity to commit crimes, or because the jury was incapable of separating the evidence[,] or could not avoid cumulating the evidence. [T]he admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and is not grounds for severance by itself." *Commonwealth v. Gray*, 296 A.3d 41, 48 (Pa. Super. 2023) (citation omitted).

After a thorough review of the record, briefs of the parties, the applicable law, and the comprehensive and well-reasoned opinion of the trial court, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to bifurcate. Accordingly, we affirm on the basis of the trial court's opinion which explained that: (1) the DUI and Accidents Involving Death charge were part of the same criminal episode, (2) the evidence related to the DUI charge was directly related to the Accidents Involving Death charge as an explanation for why Appellant left the scene, and (3) the trial court provided the jury with an instruction that the evidence was admitted for the limited purpose of showing consciousness of guilt; and concluded that (1) the

jury was able to distinguish the evidence of each charge, and (2) Appellant suffered no prejudice.  **See** Trial Ct. Op. at 20-21.

\*\*\*

In her second issue, Appellant challenges the weight of the evidence in support of her Accidents Involving Death conviction.  Appellant's Brief at 25-27.  She claims that the Commonwealth failed to establish that she was aware that she had hit a person with her vehicle and not an inanimate object.  **Id.** She argues that the jury improperly weighed the evidence in the Commonwealth's favor when it determined that the accident presented a "wrap with roof vault" scenario where the victim was vaulted over the roof of the vehicle after first landing on the hood, as the Commonwealth's expert testified, instead of an unavoidable "no escape" situation, as her expert testified at trial.  **Id.**

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses."  **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted).  A trial court reviewing a challenge to the weight given the evidence may grant relief only if "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail."  **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted).

The trial court's denial of a weight claim "is the least assailable of its rulings." **Commonwealth v. Diggs**, 949 A.2d 873, 880 (Pa. 2008); **see also Commonwealth v. Morgan**, 913 A.2d 906, 909 (Pa. Super. 2006) (stating that because trial court is in best position to view the evidence presented, an appellate court will give that court "the utmost consideration" when reviewing its weight determination). On appeal, this Court may not consider the underlying question of whether the verdict is against the weight of the evidence, and is instead limited to evaluating only the trial court's exercise of discretion in denying that claim. **Commonwealth v. Morales**, 91 A.3d 80, 91 (Pa. 2014). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" **Id.** (citations omitted) (emphasis in original).

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's weight of the evidence claim. Accordingly, we affirm on the basis of the trial court's opinion. **See** Trial Ct. Op. at 23-27 ((1) setting forth the conflicting testimony offered by the Commonwealth's expert and Appellant's expert, as well as the instruction the court gave the jury regarding its duty to determine the credibility of witnesses; (2) finding that the credit the jury gave to the Commonwealth's witness was reasonable and the verdict not shocking in light of the evidence presented; and (3) concluding that the court properly exercised its discretion

in denying Appellant's motion for a new trial based on the weight of the evidence).

***

In her final issue, Appellant challenges the discretionary aspects of her sentence. Appellant's Brief at 26-32. In particular, she asserts that the sentence was unduly harsh because it exceeded the mandatory minimum sentence and was six months over the aggravated range of the sentencing guidelines, and the court failed to give adequate consideration to the mitigating evidence she presented at the hearing and that the PSI report contained. *Id.* at 29, 31. The mitigating factors she contends the court did not afford sufficient weight include her work history, her expression of remorse, her status as the sole caregiver for three children, her clean criminal record, and her substantial ties to the community. *Id.* at 28-29, 32.

Challenges to the discretionary aspects of sentence "are not appealable as of right." *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, an appellant must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal; and (4) presenting "a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b)." *Id.* (citation omitted).

Appellant timely filed a notice of appeal, preserved her claim that the court failed to consider mitigating factors, and included a Rule 2119(f) statement in her brief. We, thus, consider whether Appellant has raised a substantial question for our review.

In regard to the fourth criteria, "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021) (citation omitted).

Here, Appellant has claimed that her sentence is excessive and that the court abused its discretion in imposing it because the court failed to consider adequately her mitigating factors. Appellant's Brief at 28-32. "[A] claim that the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question." *Commonwealth v. Hicks*, 151 A.3d 216, 227 (Pa. Super. 2016) (citation omitted), *see also Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) ("[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."). Thus, Appellant's claim raises a substantial question.

Turning to the merits of Appellant's sentencing challenge, this Court has repeatedly observed that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on

appeal absent a manifest abuse of discretion." ***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012). To demonstrate an abuse of discretion, the defendant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

In sentencing a defendant, a trial court should consider the following factors: "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). When the sentencing court has the benefit of a pre-sentence investigation report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing the sentence. ***Commonwealth v. Sexton***, 222 A.3d 405, 422 (Pa. Super. 2019) (citation omitted).

We defer to the sentencing court's assessment of the sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." ***Summers***, 245 A.3d at 696 (citation omitted). Instead, our "review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." ***Commonwealth v. Macias***, 968 A.2d 773, 776-77 (Pa. Super. 2009).

- 11 -

The sentencing court retains discretion to sentence outside the guidelines, so long as the sentence imposed does not exceed the statutory maximum sentence. *See Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002) (plurality); *Commonwealth v. Saranchak*, 675 A.2d 268, 277 n.17 (Pa. 1996).

When a defendant alleges that the sentencing court "failed to consider" or "did not adequately consider" facts of record, they are effectively requesting this Court to substitute its judgment for that of the trial court. *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989). "As long as the trial court's reasons demonstrate that it weighed the [guidelines] with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018-19 (Pa. Super. 2003) (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned opinion of the trial court, we conclude that Appellant's claim that the trial court abused its discretion in imposing her sentence for the Accidents Involving Death conviction fails. Accordingly, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 30-32 ((1) recounting each of the factors the court considered in fashioning Appellant's sentence; (2) noting it had placed its reasons for the sentence on the record; and (3) concluding that it properly exercised its discretion in imposing an aggravated sentence above the mandatory minimum).

\*\*\*

In sum, having found each of Appellant's claims meritless, we affirm the judgment of sentence. The parties are instructed to attach a copy of the trial court's December 18, 2024 opinion to all future filings.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/2/2025